MEEROPOL ET AL. *v.* NIZER ET AL.

No. A–543.   Decided January 18, 1977

MR. JUSTICE MARSHALL, Circuit Justice.

Applicants Michael and Robert Meeropol brought this action in the District Court for the Southern District of New York against respondent Nizer, author of the book The Implosion Conspiracy, and respondents Doubleday & Co. and Fawcett Publications, its publishers, alleging copyright infringement, libel, and invasion of privacy. Summary judgment was granted for respondents on all claims, and applicants have appealed to the Court of Appeals for the Second Circuit. Applicants move before me as Circuit Justice to issue a certificate of necessity under 28 U. S. C. § 291 (a) or 28 U. S. C. § 1651, requesting THE CHIEF JUSTICE to designate judges from other circuits to sit in the appeal of this case.[1]

---

[1] Applicants initially moved before the Second Circuit for en banc consideration of their request for issuance of a certificate of necessity or transfer of the appeal to another circuit. That request was denied, with

Applicants are the sons of Julius and Ethel Rosenberg, who were executed in 1953 after their convictions for conspiracy to commit espionage. See *United States v. Rosenberg*, 195 F. 2d 583 (CA2), cert. denied, 344 U. S. 838 (1952); *Rosenberg v. United States*, 346 U. S. 273 (1953). The gravamen of applicants' action is that the Nizer book infringed the copyright which applicants own in the book Deathhouse Letters of Ethel and Julius Rosenberg, and libeled and invaded the privacy of applicants in its portrayal of the Rosenbergs' relationship with their children. Applicants contend in this motion that all of the judges of the Second Circuit are disqualified from hearing their appeal, essentially because they are, in the words of Judge Mansfield's decision, "associates," "friends," and "consultants" of Chief Judge Irving R. Kaufman of the Second Circuit, who presided as a District Judge over the Rosenberg trial and imposed the death sentences.[2]

---

Chief Judge Kaufman and Judge Oakes not participating. No application for a certificate of necessity was made to the Chief Judge. The motion was then set down for a hearing before a panel of the Second Circuit, and after some delay was heard by Judges Mansfield, Van Graafeiland, and Meskill. At the conclusion of oral argument, the motion was denied in an oral opinion delivered by Judge Mansfield, a transcript of which is in the record before me.

[2] Although applicants have specifically addressed this application to me as Circuit Justice for the Second Circuit, and have not requested my disqualification, I note that they do suggest that "any judges who sat on any of the appeals of the Rosenbergs would very likely conclude that they should disqualify themselves from the current appeal." Application ¶ 11. I was a member of a Second Circuit panel, along with Judges Swan and Friendly, which denied postconviction relief to Rosenberg codefendant Morton Sobell. *United States v. Sobell,* 314 F. 2d 314 (CA2), cert. denied, 374 U. S. 857 (1963). Despite this, I will not disqualify myself from ruling on the instant application. I do not believe that my "impartiality" to decide the extent of a Circuit Justice's powers under § 291 (a) "might reasonably be questioned," 28 U. S. C. § 455 (a) (1970 ed., Supp. V), in light of this participation in a case not related to the present action.

As far as I can determine, 28 U. S. C. § 291 (a) [3] has never been construed by this Court, although it is often used to assign judges to temporary duty on the courts of appeals. Generally such assignments are made to assist a circuit with a heavy workload, although assignments have been made where an entire court of appeals has disqualified itself from hearing a case. See, *e. g., United States* v. *Isaacs,* 493 F. 2d 1124, 1167–1168 (CA7), cert. denied, 417 U. S. 976 (1974); cf. *United States* v. *Manton,* 107 F. 2d 834 (CA2 1939), cert. denied, 309 U. S. 664 (1940). In such cases, however, the circuit judges themselves make the decision not to sit, thereby making it impossible to designate a panel to hear an appeal, and causing the "need" under § 291 (a) for the issuance of a certificate of necessity. Such need is plain to anyone looking at the situation, and the duty to issue the certificate must be considered purely a ministerial act to deal with an administrative problem, whether performed by the chief judge of the circuit or the circuit justice. See "An Act to amend the Judicial Code to authorize the Chief Justice of the United States to assign circuit judges to temporary duty in circuits other than their own," 56 Stat. 1094; H. R. Rep. No. 2501, 77th Cong., 2d Sess. (1942); S. Rep. No. 1606, 77th Cong., 2d Sess. (1942).

Because § 291 (a) deals with a purely administrative matter, it would be inappropriate for me to rule in the context of an application under it that all of the judges of the Second Circuit are as a matter of law disqualified from hearing applicants' appeal. At best that question could be addressed only by the full Court. Cf. *Locks* v. *Commanding General,* 89 S. Ct. 31, 21 L. Ed. 2d 78 (1968) (Douglas, J., in

---

[3] Section 291 (a) provides:

"The Chief Justice of the United States may designate and assign temporarily any circuit judge to act as circuit judge in another circuit upon presentation of a certificate of necessity by the chief judge or circuit justice of the circuit where the need arises."

chambers). Sitting as a Circuit Justice, I simply do not have the power to unseat all of the judges of a court of appeals in a particular case absent any showing that they have recused themselves.

Applicants move in the alternative for transfer of their appeal to another court of appeals. They have cited no statutory or case authority even intimating that a Circuit Justice may exercise any such far-reaching power. See *MacNeil Bros. Co.* v. *Cohen,* 264 F. 2d 186 (CA1 1959).

The application is denied in all respects.