**In re Stuart N. PEARLMAN, Debtor.**

**Bankruptcy No. 3–81–03045.**

United States Bankruptcy Court, W. D. Kentucky.

Jan. 7, 1982.

J. Michael Poole, Louisville, Ky., for debtor.

G. Wm. Brown, Louisville, Ky., trustee.

## ORDER

STEWART E. BLAND, Bankruptcy Judge.

This Chapter 13 case comes before the Court on motion of the debtor, by counsel, seeking recusal of the undersigned Bankruptcy Judge from his pending bankruptcy case. The motion is supported by a brief affidavit wherein the debtor, Stuart N. Pearlman, recites that as an attorney he has practiced before this Court on two occasions and that specifically the case of *Greenburg, et al. v. River Region, et al.* "... resulted in substantial personal friction between Judge Bland and the affiant". The affiant further concludes that because of his experiences in that trial which occurred over two years ago that this Judge could not "render an impartial decision".

Although the motion is procedurally deficient in that it fails to cite statutory authority as required by Rule 10, Rules for the United States District Court for the Western District of Kentucky, nevertheless the Court assumes that it is predicated upon 28 U.S.C. § 144 and § 455. Also see Local Rule 2, United States Bankruptcy Court for the Western District of Kentucky.

The only other litigation involving the debtor and this Judge was *Thompson, et al. v. J & J Builders of Louisville, Inc., a/k/a J & J Builders, Inc., et al.* The debtor represented the plaintiffs in that contested matter, and their complaint was resolved by an agreed judgment. That result, which was obviously satisfactory to debtor Pearlman was achieved through the efforts and intervention of this Court.

Although the debtor here filed a similar motion to recusal in that case, a review of the record reveals that attorney Pearlman subsequently withdrew that motion.

The Court is perplexed by the debtor's belief that he will not be impartially treated during the administration of his own bankruptcy case in view of his willingness to allow this Court to preside over litigation that occurred after the conclusion of the River Region trial. Why the debtor would conclude that this Court harbors a personal prejudice and animosity toward him is difficult to understand when one considers the factual development of the relationship.

Perhaps the debtor perceives rulings and decisions made by a judge that are unfavorable to him represent an attack upon him personally, or perhaps debtor's feelings of insecurity can be attributed to his lack of familiarity with the Chapter 13 process. In an attempt to disspell debtor's apprehensions, a brief review of Chapter 13 procedure might be beneficial.

Chapter 13 meetings of creditors are presided over by the Clerk of the United States Bankruptcy Court or a designated deputy. The trustee functions as a hearing officer for the Bankruptcy Judge who is precluded by statute from attending the hearing. The confirmation hearing is conducted by the Bankruptcy Judge at a subsequent time. The trustee at the hearing either recommends confirmation or that confirmation be denied with either dismissal or conversion to another chapter. The Court, except in rare circumstances, has never failed to accept the trustee's recommendation. This is not a judicial proceeding but one that is administrative in nature.

Furthermore, 11 U.S.C. § 1325 provides that the Judge *shall* confirm a plan if the debtor's plan satisfies the five (5) subsections of § 1325. The right to confirmation is not discretionary with the Court, but is mandatory if all the statutory requirements are met.

██ Turning to the substantive legal questions raised by the debtor's motion, Section 144 of Title 28 states in its pertinent part that:

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than 10 days before the beginning of the term at which the proceeding is to be heard, a good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. *It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.* (Emphasis added.)

Title 28, U.S.C. § 455 also specifies the criteria for disqualification of federal judges and provides:

"Any justice or judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned...."

Although the affidavit of record does not satisfy the statutory prerequisites, nevertheless the Court is familiar with other affidavits filed by the debtor. It should be noted that allegations recited by debtor in *River Region, ibid*, were reviewed by the United States District Court and the Sixth Circuit Court of Appeals, and were rejected by both courts as groundless. In deciding this motion, the Court must pass on the sufficiency of the affidavit but cannot pass on the truth of the matters alleged. *Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921).

██ The criteria to be applied was set forth in *United States v. Dansker*, 537 F.2d 40 (1976), by applying *United States v. Thompson*, 483 F.2d 527 (3rd Cir. 1973), which found that:

"...a trial judge need only recuse himself if he determines that the *facts* alleged in the affidavit; taken as true, are such as would convince a reasonable man that he harbors a personal, as opposed to a judicial, bias against the mover."

In passing upon the adequacy of affidavits for disqualification, they must:

"...contain more than mere conclusions. They must show facts indicating the existence of a judge's personal bias and prejudice." *United States v. Thompson, ibid.*

The Court further concluded that:

"The mere fact that a judge has previously expressed himself on a particular point of law is not sufficient to show personal bias or prejudice, nor are adverse rulings by a judge grounds for disqualification. (citation omitted.)

██ The affidavit here averring that adverse decisions, orders and a judgment entered in a case that was completed over thirty (30) months ago would necessarily preclude the debtor from being treated impartially and fairly by this Court in the administration of his own case must fail as a matter of law. The fact that the Court has rendered rulings adverse to the debtor while he was practicing as an attorney does not support a conclusion of personal prejudice or bias. Implicit in the statute is the standard of a reasonable man. Having reviewed Mr. Pearlman's affidavit, this Court finds that the conclusions of fact and the debtor's failure to comply with the Local Rules of this Court and controlling statutes leaves no other alternative but to deny the relief.

In fact, any reasonable man that made a systematic and thorough review of the record in the *River Region* and *J & J Builders, ibid*, cases would, in this Court's opinion, reach a conclusion contrary to that of the debtor.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the motion to recuse the undersigned Bankruptcy Judge be and is overruled.