## In re WASHINGTON LANE ASSOCIATES, a Pennsylvania Limited Partnership, Debtor.

### Bankruptcy No. 82–00019G.

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 27, 1984.

Jon C. Sirlin, Jon C. Sirlin & Assoc., Philadelphia, Pa., for Kenneth M. Lakoff, Gerrold Lakoff, Shirley Lakoff, Martin A. Smith and Paul Ribner, Limited Partners, movants.

David J. Picker, Norristown, Pa., for Harvey Plowfield.

Joseph F. Busacca, Philadelphia, Pa., for Ethal Mae Plowfield.

Robert H. Levin, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for the trustee, Jerome Blum.

Jerome Blum, Elkins Park, Pa., trustee.

David S. Fishbone, Ciardi, Fishbone & DiDonato, Philadelphia, Pa., for debtor, Washington Lane Associates.

Steven Asher, Philadelphia, Pa., for Industrial Valley Title Ins. Co., defendant in Montgomery County actions.

Lawrence Mazer, Philadelphia, Pa., for the Minor Equity Security Holders.

John Egan, Philadelphia, Pa., for Philadelphia Gas Works, largest unsecured creditor.

John A. Wetzel, Philadelphia, Pa., for Sollis Tolin, Louis M. Graboyes and Robert Blatt and Sara Blatt, Co-Executors of the Estate of Max Blatt t/a Washington Lane Garden Apartments.

Robert J. Edelmayer, Norristown, Pa., Special Counsel for trustee in Montgomery County.

Leonard P. Goldberger, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for the Committee of Equity Security Holders.

Steven T. Stern, Philadelphia, Pa., for Grace Markowitz and Raymond Blume—limited partners.

## ORDER

EMIL F. GOLDHABER, Chief Judge:

The issue raised before us is whether we should grant a motion to recuse ourselves from hearing matters involving a creditor of the debtor, which creditor is also an employee of this court. We will grant the motion because the creditor's thoughtless actions have raised the specter of impropriety.

The facts of this vexatious affair are as follows:[1] The petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") was filed by the debtor on January 4, 1982. The debtor is a limited partnership consisting of Harvey Plowfield ("Plowfield") as the general partner and four individuals (who are the movants in this action) as limited partners.

In 1980, the debtor purchased an apartment complex from a decedent's estate. One of four executors of that estate was Louis M. Graboyes ("Graboyes"). In July of 1982, one of our brethren on the bankruptcy bench in this district recommended the appointment of Graboyes to serve in the capacity of Deputy Clerk of Estate Administration in this court. That position vested Graboyes with the obligation to monitor and foster the progress of all liquidation and reorganization cases that were assigned solely to our colleague. Thereafter, the limited partners filed a civil action in the state court against several defendants among whom are Graboyes and Plowfield. To put it tersely, the complaint alleges that Graboyes committed certain acts of misfeasance and malfeasance—not the least of which is fraud—in conveying the apartment complex to the debtor.

The only action taken in this court by Graboyes was to file a proof of claim against the debtor which claim he asserts is secured. After this perfunctory act, Graboyes began courting the invidious by attending virtually every hearing we conducted on the debtor's affairs despite two admonitions to the contrary from our colleague on the bench. To Graboyes' credit it should be stated that he has never, by word or act, broached to us the subject of his involvement in this debtor's affairs. But to his discredit, it should have been crystal clear to him that, as a court official, his appearance in our court was an act which was bound to raise the image of impropriety.

The limited partners moved for our recusal on all matters involving the respective financial interests of Plowfield, his wife and Graboyes. The portion of the recusal motion requesting that we not adjudicate matters germane to Plowfield and his wife, as well as to Graboyes, is apparently predicated on the movants' allegation that, among other things, Graboyes aided, abetted and conspired with them in the fraudulent sale of the realty.

The Code of Judicial Conduct, adopted by the Judicial Conference of the United States, states that: "A judge shall disqualify himself in a proceeding in which his impartiality might reasonably be questioned...." Code of Judicial Conduct, Canon 3(C)(1), *reprinted in* 69 F.R.D. 273, 277 (1975). By statute adopted in 1974 that ethical standard was converted into a mandate:

§ 455. Disqualification of justice, judge, or magistrate

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a); *Hall v. Small Business Administration*, 695 F.2d 175, 178 (5th Cir.1983). Section 455 is made applicable

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rule 7052 (effective August 1, 1983).

to the judges of this court by Bankruptcy Rule 5004:

### Rule 5004. Disqualification

(a) DISQUALIFICATION OF JUDGE. When a judge is disqualified from acting by 28 U.S.C. § 455, he shall disqualify himself from presiding over the adversary proceeding or contested matter in which the disqualifying circumstance arises or, if appropriate, he shall disqualify himself from presiding over the case.

\* \* \* \* \* \*

The purpose and suggested implementation of the above provisions have been summarized by several United States Courts of Appeals. "Clearly, the goal of the judicial disqualification statute is to foster the appearance of impartiality.... Because 28 U.S.C. § 455(a) focuses on the *appearance* of impartiality, as opposed to the existence in fact of any bias or prejudice, a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street." *Potashnick v. Port City Construction Co.,* 609 F.2d 1101, 1111 (5th Cir.1980) (emphasis in original), *cert. den.* 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22. "Under section 455(a), the judge is under a continuing duty to ask himself what a reasonable person knowing all the relevant facts would think about his impartiality. If there is a reasonable factual basis for doubting the judge's impartiality, ... [he] should disqualify himself...." *United States v. Hines,* 696 F.2d 722, 728 (10th Cir.1982), (quotes and cite omitted). "The test for disqualification under 455(a) is an objective one: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson,* 718 F.2d 315, 321 (9th Cir.1983); *United States v. Noble,* 696 F.2d 231 (3d Cir.1982) *cert. den.,* —— U.S. ——, 103 S.Ct. 3086, 77 L.Ed.2d 1348 (1983); *see also, Zimmerman v. Rosenthal* (In Re Pasco Tobacco Co., Inc.), 34 B.R. 295 (Bankr.E.D.Pa.1983).

Although we regard Graboyes as no different than the thousands of litigants who appear before us every year, to the casual yet cynical observer any rulings we might ultimately render in his favor would understandably be suspect. We will accordingly enter an order recusing ourselves from all matters adjudicating the rights of Plowfield, his wife and Graboyes.