FLAUM, Circuit Judge.
 

 Debtor-appellant X-Cel, Inc. appeals an order entered by the bankruptcy court allowing in full, with interest, a creditor’s claim in X-Cel’s Chapter 11 proceeding. The district court affirmed the order, 46 B.R. 202 (N.D.111.1984), holding that the bankruptcy court’s findings were not clearly erroneous. Aside from disputing the merits of the creditor’s claim, X-Cel argues on appeal that we should subject those findings to closer scrutiny, asserting that the “clearly erroneous” standard of review set forth in Rule 52(a) of the Federal Rules of Civil Procedure is inapplicable. For the reasons set forth below, we hold that the clearly erroneous standard is applicable in this instance. Nevertheless, the lack of clear findings upon which to base even a minimal degree of appellate scrutiny compels us to reverse and remand this cause to the district court, directing it to solicit new findings from the bankruptcy court.
 

 I.
 

 The claim allowed by the bankruptcy court arose out of advertising services performed by A. Eicoff & Company (“Eicoff”). At the time that Eicoff’s claim arose, X-Cel operated several Sizzler Steak House franchises in the Chicago area. In 1981, X-Cel and three other corporations that also operated Chicago-area Sizzler franchises entered into an advertising agreement with Eicoff. The agreement provided that Ei-coff was to act as an agent for the group of franchisees in purchasing television time
 
 *132
 
 and newspaper space in which to run Sizzler advertisements.
 

 According to the parties’ briefs, the dispute in issue had its inception in the events surrounding an involuntary Chapter 7 bankruptcy petition filed against X-Cel in May, 1982. Before it received notice of the petition, X-Cel’s Chief Executive Officer, Siemieniak, had mailed a check to Eicoff for $20,008.48, in payment of its share of costs and commissions due Eicoff for advertising placed before April 1, 1982. According to X-Cel, it shortly thereafter learned of the petition and stopped payment on its check in order not to prefer Eicoff’s claims over those of other creditors. X-Cel asserts that it simultaneously notified Eicoff that it was terminating the advertising agreement. Meanwhile, however, Eicoff had purchased on behalf of the group ninety days of television advertising for a “steak and all you can eat shrimp” campaign, allegedly in reliance upon X-Cel’s payment of its delinquent account. After a conversation with one of the other franchisees about X-Cel’s cancellation, Ei-coff continued the “steak and all you can eat shrimp” advertising campaign throughout the summer of 1982. X-Cel’s franchises remained in operation during that time, with X-Cel as debtor in possession, and each participated in the “steak and all you can eat shrimp” promotion.
 

 Although X-Cel later paid for the pre-April 1 advertising, it disputes the contention that it must pay for a share of the summer campaign and argues that the bankruptcy court erred in evaluating the merits of Eicoff’s claim. According to X-Cel, Eicoff breached the advertising agreement because it had purchased advertising time and space before receiving written authorization from the franchisees. X-Cel further asserts that it was entitled unilaterally to terminate the agreement regardless of Eieoff’s breach. We decline to reach these issues, however, in light of our con-elusion that the case must be remanded for new findings.
 

 II.
 

 The bankruptcy court’s order, in its entirety, states as follows:
 

 This Cause coming on to be heard upon the trial of Claim No. 22 filed by A. Eicoff & Company (“Eicoff”) against X-Cel, Inc., d/b/a Sizzler Family Steak House (“Debtor” or “Siemieniak”), the court having held a trial in said matter, having observed the demeanor of the witnesses, having examined the documents admitted into evidence, having heard arguments of counsel and having read the memorandum in support of the various positions of the parties, and being fully advised in the premises Doth Find as follows:
 

 1. This court has jurisdiction over the subject matter and over the parties hereto.
 

 2. The court hereby adopts as its findings the factual statements as stated in the Memorandum in Support of Allowance of Claim No. 22 filed by Eicoff, a copy of which is attached hereto and made a part hereof and is expressly incorporated herein.
 

 NOW, THEREFORE, It Is HEREBY ORDERED, Adjudged and Decreed that Claim No. 22 for A. Eicoff & Company is hereby allowed in the amount of $158,401.42, plus per diem interest in the amount of $65.73 commencing December 1, 1983 and continuing thereafter until payment is made.
 

 X-Cel argues that the bankruptcy court’s incorporation of Eicoff’s memorandum compels us to abandon the clearly erroneous standard of review set forth in Rule 52 of the Federal Rules of Civil Procedure.
 
 [1]
 
 X-Cel cites the Rule 52 directive that “[i]n all actions tried upon the facts without a jury ..., the Court shall find the facts specially and state separately its conclusions of law thereon.” Appellant rea
 
 *133
 
 sons that where a court fails to follow this directive and simply adopts the findings of fact and conclusions of law of a party, those findings and conclusions are entitled to no weight whatsoever in a reviewing court. In such a situation, then, the reviewing court would submit the record to independent scrutiny.
 

 X-Cel’s position is not without some support. This court has on several occasions indicated its preference for independent findings.
 
 See, e.g., Photovest Corp. v. Fotomat Corp.,
 
 606 F.2d 704, 731 (7th Cir. 1979),
 
 cert. denied,
 
 445 U.S. 917, 100 S.Ct. 1278, 63 L.Ed.2d 601 (1980). While criticizing the practice of adopting findings, however, we nevertheless have consistently refused to abandon the clearly erroneous standard of review and substitute our judgment for that of the trial court.
 
 See, e.g., Garcia v. Rush-Presbyterian-St. Luke’s Medical Center,
 
 660 F.2d 1217, 1220 (7th Cir.1981);
 
 Loctite Corp. v. Fel-Pro, Inc.,
 
 667 F.2d 577, 582-83 (7th Cir.1981);
 
 Schwerman Trucking Co. v. Gartland Steamship Co.,
 
 496 F.2d 466, 474-75 (7th Cir.1974).
 

 The success of X-Cel’s argument is now completely precluded by the Supreme Court’s recent decision in
 
 Anderson v. City of Bessemer City,
 
 — U.S. -, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). In that case, the court noted that although it has “criticized courts for their verbatim adoption of findings of fact prepared by prevailing parties,” such adopted findings nevertheless “are those of the court and may be reversed only if clearly erroneous.”
 
 Id.
 
 at 1511. We recently had occasion to follow this approach in
 
 Scandia Down Corp. v. Euroquilt, Inc.,
 
 772 F.2d 1423 (7th Cir.1985). In
 
 Scandia,
 
 a district judge issuing a temporary injunction had adopted findings drafted by Scandia, although, we observed, she not only avoided merely parroting Scandia’s proposals, but also wrote her own narrative opinion after trial on the permanent injunction.
 
 Id.
 
 This court affirmed the district court’s findings on the basis of
 
 Anderson’s
 
 strictures.
 
 Id.
 
 We conclude, therefore, that we cannot conduct a
 
 de novo
 
 review of the record here.
 
 [2]
 

 Unfortunately, the state of the findings is such that we are unable to engage even in a clearly erroneous review. We anticipated this situation in
 
 Scandia Down,
 
 noting that “we might imagine circumstances even after
 
 Anderson
 
 in which adoption of findings demonstrates such an abdication of the judicial function that we must return the case to obtain the judge’s
 
 own
 
 views on the matter.”
 
 Id.
 
 at 1429 (emphasis in original). This case presents those circumstances.
 

 The distinction between this case and those in which we have approved adopted findings becomes clear when we examine the memorandum that the bankruptcy judge incorporated into his order. Eieoff had filed this memorandum in response to a request by the bankruptcy court that the parties submit proposed findings of fact and conclusions of law. The memorandum consists of two sections, “Factual Background” and “Argument,” both of which are narrative in form as opposed to consisting of separately numbered findings and
 
 *134
 
 conclusions. Both sections contain factual statements, but the Argument also includes invectives that would be highly objectionable in a judicial opinion.
 

 It is impossible to determine from the bankruptcy court’s order which of the factual statements contained in Eicoff’s Memorandum were adopted. From our review of the Memorandum, it appears that the court must have adopted more than the facts contained in the Memorandum’s “Factual Background” section, because several apparently important factual details appear only in the Argument. We are left, therefore, on one hand with uncertainty regarding which facts the court adopted, and on the other hand with a document that, if adopted in its entirety, contains a disturbing level of unobjective argumentation and scorn. This represents an “abdication of the judicial function,”
 
 Scandia Down,
 
 at 1429.
 

 Moreover, if the order adopted only the Memorandum’s Factual Background section, then the bankruptcy court has not provided us with a legal basis for its decision, since that section does not contain conclusions of law. This leaves us with an order that applies no legal principles to the already ambiguous “factual statements,” and thus fails to “reveal the discerning line for a decision,”
 
 United States v. El Paso Natural Gas Co.,
 
 376 U.S. 651, 657, 84 S.Ct. 1044, 1047, 12 L.Ed.2d 12 (1964). Should we accept the alternative possibility and assume that the bankruptcy court adopted the Memorandum in its entirety, then we are left with a judicial order replete with an inappropriate level of inflammatory statements.
 

 III.
 

 On this record, we conclude that we are unable to conduct a properly deferential, yet meaningful, review under the clearly erroneous standard. Accordingly, we reverse this case and remand it to the district court, with directions that it obtain new findings and conclusions from the bankruptcy court.
 

 [1]
 

 . “Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous.” Fed.R.Civ.P. 52(a).
 

 [2]
 

 .
 
 Anderson
 
 and
 
 Scandia Down
 
 also contradict X-Cel’s contention that we should apply
 
 de novo
 
 review because the bankruptcy court’s findings did not involve assessments of witness credibility. The law is settled that findings based on oral
 
 or documentary
 
 evidence are reviewable only for clear error. Fed.R.Civ.P. 52(a),
 
 supra
 
 p. 4 n. 1;
 
 see Anderson,
 
 105 S.Ct. at 1512;
 
 Scandia Down,
 
 772 F.2d at 1428. In any event, it seems that at least Siemieniak’s testimony was contradicted and his credibility thus placed in issue.
 

 X-Cel’s final argument on the standard of review question is similarly without merit. X-Cel claims that the Model Rules governing bankruptcy jurisdiction, which were in effect at the time the order was entered, cover this appeal and mandate
 
 de novo
 
 review of bankruptcy court findings. We agree with the district court, however, that those emergency Rules were displaced by the Bankruptcy Amendments and Federal Judgeship Act of 1984. Under that Act, Bankruptcy Rule 8013 incorporates the clearly erroneous standard of review set forth in Rule 52(a) of the Federal Rules of Civil Procedure. Fed.R.Bankr.P. 8013 (West 1984) and Advisory Committee’s Note. We conclude, therefore, that Rule 8013, and, derivatively, Rule 52(a)’s clearly erroneous standard, applies.