**In re X–CEL, INC., d/b/a Sizzler Family Steak House, Debtor.**

Nos. 82 B 6430, 84 C 3274.

United States District Court, N.D. Illinois, E.D.

March 19, 1986.

---

**3.** Elias' request for oral argument on appeal is denied.

David M. Missner, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for creditor.

Louis W. Levitt, Levitt and Mason, Glenn R. Heyman, Dannen, Crane, Heyman & Haas, Chicago, Ill., for debtor.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This case is before the Court on Chapter 11 debtor X-Cel, Inc.'s motion to disqualify Bankruptcy Judge Charles B. McCormick from further participation in the adversary proceedings between X-Cel and A. Eicoff &

Company ("Eicoff") pursuant to 28 U.S.C. § 455 (1982). Based on the following reasons, we deny X-Cel's motion and remand the case to Judge McCormick for further proceedings.

A brief discussion of the history of this case is necessary before we address the merits of the present motion. Earlier in this case, the bankruptcy court, by Judge McCormick's order, allowed a claim by Eicoff against X-Cel in Chapter 11 proceedings. Judge McCormick's order was a short statement which adopted the findings of fact submitted by Eicoff in its memorandum in support of its claim, which was attached to the judge's order. This Court affirmed the bankruptcy court's order, *In re X-Cel, Inc.*, 46 B.R. 202 (N.D.Ill.1984), but the Seventh Circuit reversed, holding that there were inadequate findings in the bankruptcy court upon which to base an adequate appellate review. *In re X-Cel, Inc.*, 776 F.2d 130, 131 (7th Cir.1985). The Seventh Circuit remanded the case to this Court and directed us to return it to the bankruptcy court for the issuance of new findings. We have done so, but intervening events have necessitated our withdrawal of the reference for the purposes of this motion.

Shortly after the Seventh Circuit issued its opinion, David Missner, an attorney with the law firm representing Eicoff, was in Judge McCormick's courtroom on another matter.[1] Missner mentioned to the judge that the X-Cel decision had been reversed. He then told Judge McCormick that he was sorry the case was reversed and said he would submit new findings of fact and conclusions of law when the case was returned to the bankruptcy court. The judge said nothing in response to the statement, shrugged his shoulders and left the bench.

The only other persons in the courtroom at this time were Judge McCormick's minute clerk, a court reporter and Ira Goldberg, an associate with the law firm representing X-Cel.[2] Goldberg had walked in while Missner was making his statements to the judge. The court reporter was not recording Missner's statements, so the court session apparently had been adjourned. Goldberg did not raise any objection to Missner's statement at the time since he was not directly involved in the X-Cel matter and did not wish to make any premature accusations. Instead, he returned to his office and reported the incident to the lead attorney in the X-Cel case. Through counsel, the parties then engaged in correspondence regarding this matter. X-Cel's requests for a voluntary transfer of the bankruptcy proceeding to another judge were rejected by Eicoff, and this motion ensued.

X-Cel has set forth two grounds in support of its motion to disqualify Judge McCormick. First, it argues that Missner's statements constituted an improper *ex parte* communication which raised a reasonable question as to the judge's impartiality, thus requiring disqualification under the Judicial Code. 28 U.S.C. § 455(a) (1982). Second, X-Cel claims that Judge McCormick's reactions to the filing of this motion at an on-the-record conference between the parties and the judge demonstrate a personal bias or prejudice against X-Cel which require disqualification under 28 U.S.C. § 455(b)(1) (1982). We now turn to these arguments in the order presented.

### A. *Impartiality Objection*

Section 455(a) of Title 28, United States Code states:

> Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

---

1. The facts relevant to this motion are undisputed. Although only a part of the *ex parte* communication involved here was heard by one of X-Cel's representatives, the innocuous content of the remainder of the communication, as represented by Eicoff, has not been refuted by X-Cel.

2. That law firm, Levit & Mason, has appropriately engaged substitute counsel for the purposes of this motion.

28 U.S.C. § 455(a) (1982).[3] Whenever, under the facts and circumstances of a case, there is a reasonable basis for a finding of an appearance of partiality, a judge should recuse himself or herself. *Pepsico, Inc. v. McMillen*, 764 F.2d 458, 460 (7th Cir.1985). There is an appearance of partiality when "an objective, disinterested observer fully informed of the facts underlying the grounds on which recusal is sought would entertain a *significant doubt* that justice would be done in the case." *Id.* (emphasis added). Furthermore, the party moving for recusal or disqualification has the burden of producing facts which would raise such doubts. *Clay v. Doherty*, 608 F.Supp. 295, 299 (N.D.Ill.1985).

██ Based on the record before us, we find that no reasonable doubt exists regarding Judge McCormick's ability to handle further proceedings between X-Cel and Eicoff in an impartial manner. Missner's *ex parte* updating of the judge on the results of the appeal and his offer to submit new findings of fact and conclusions of law did not show good judgment on his part, but in the context of the circumstances of the communication clearly was not an attempt to influence the judge's decision-making. The preferred course of conduct would have been for Missner to wait until formal proceedings in the matter were once again before the bankruptcy court.

Nonetheless, we need not definitively determine the propriety of Missner's conduct in order to find that no reasonable doubt of Judge McCormick's impartiality exists. Although X-Cel refers to this incident as a "conversation", the communication was in reality purely one-sided. As the record undisputedly reflects, Judge McCormick did not even bother to respond to Missner's statements. Instead, he remained silent and left the bench. Little, if anything, more could have been expected of a judge in these circumstances. A fully informed,

neutral observer could not reasonably question the judge's impartiality following this incident and disqualification is not, accordingly, required.

### B. *Bias Objection*

X-Cel's alternative argument is based on 28 U.S.C. § 455(b)(1) (1982), which states in pertinent part that: "[The judge] shall also disqualify himself ... (1) Where he has a personal bias or prejudice concerning a party." X-Cel contends that statements made by Judge McCormick at a conference he held with counsel for X-Cel and Eicoff demonstrate that he has developed a bias or prejudice against X-Cel arising from the accusations against his impartiality.

X-Cel has pointed to a couple of statements in particular made by Judge McCormick at the conference which it submits indicate a newly-developed prejudice or bias against X-Cel.[4] First, it notes that the judge remarked that he felt that he was being placed in a position that was unfair to him and in which he did not wish to be placed. Next, the judge declared:

> I have to tell you, Mr. Doyle [counsel for X-Cel], and we might just as well get this straight for the record, I regard this as, the most charitable way I can put this, as really forensic nitpicking. Over and above that—it's deeper than that, the implication exists here that counsel for the debtor have consciously or unconsciously attempted to place me in an embarrassing position, and maybe counsel, he can speak for himself, and we all know the reason why, in an effort to achieve a relief for your client in what I regard as, at best, an unprofessional and perhaps unethical manner. And at such time as any formal motion is presented to me in that regard, I intend to take these letters and any other part of this record that I think is fitting, and I am going to send it up to Chief Judge Cum-

---

**3.** Although there is a separate Bankruptcy Rule regarding the disqualification of bankruptcy judges, Bankr.Rule 5004, the Advisory Committee Notes to that rule indicate that the disqualification of bankruptcy judges is governed by 28 U.S.C. § 455.

**4.** The facts regarding this aspect of the motion are drawn completely from the transcript of the conference which was provided to the Court by the parties.

mings, and I will send a copy to Chief Judge McGarr, and they can proceed as they see fit before the Disciplinary Committee of the Court, or otherwise. That is how strongly I feel about this.

Transcript at 8–9.

 Like the standard for reviewing impartiality, the standard for evaluating questions of bias or prejudice is an objective one requiring the Court to determine whether a reasonable person would conclude that a judge is biased or prejudiced against the moving party based on the facts alleged. *United States v. Professional Air Traffic Controllers Organization*, 527 F.Supp. 1344, 1359 (N.D.Ill.1981).

 We do not view the statements made by Judge McCormick at the conference to be so extreme that a reasonable question of bias or prejudice exists with respect to his ability to evaluate the claims against X-Cel on the merits. Any judge who is accused unreasonably of partiality by one of the parties in a pending proceeding is placed in a somewhat "unfair" position. Judge McCormick regrettably did assert an opinion that X-Cel's attorneys might have been acting in an "unprofessional" or "unethical" manner. While Judge McCormick may have overreacted to the "unfairness" of the accusation by expressing his dismay, this alone would not be enough to justify disqualification since expressions of opinions on issues in a judicial context generally do not suffice to establish bias under § 455(b)(1). *In re: Foster Iron Works, Inc.*, 3 B.R. 715, 718 (S.D.Tex 1980). Moreover, "[a]ntipathy to an attorney is insufficient grounds for disqualification of a judge because it is not indicative of extrajudicial bias against a 'party'." *Gilbert v. City of Little Rock*, 722 F.2d 1390, 1398 (8th Cir.1983), *cert. denied*, 466 U.S. 972, 104 S.Ct. 2347, 80 L.Ed.2d 820 (1984) (discussing similarly in-

terpreted provision of 28 U.S.C. § 144) (citation omitted).

 This motion raises another issue: the potential abuse of the disqualification statute as a method of avoiding having cases heard by a particular judge. Absent a clear and reasonable indication that prejudice against a party urging recusal of a judge is likely to result, the moving party should not be able to "bootstrap" its recusal argument with a second claim that the judge now will be biased against it because it has raised the question of the judge's impartiality. Although the present motion to disqualify Judge McCormick evoked a strong reaction by the judge, we do not consider this case to be one where a reasonable person would conclude that the judge is now biased against X-Cel.[5]

### Conclusion

We condone neither Missner's *ex parte* communication nor Judge McCormick's overreaction to the partiality charges. However, a review of the full circumstances of both the communication to Judge McCormick and the Judge's remarks at the subsequent hearing do not mandate his disqualification. Accordingly, debtor X-Cel's motion to disqualify Judge McCormick in the adversary proceeding on Eicoff's claim is denied. The case shall now proceed as referred in this Court's order of December 2, 1985, pursuant to the Seventh Circuit's command. It is so ordered.

---

5. X-Cel's memorandum in support of the motion to disqualify repeatedly raises points which bring into discussion Judge Grady's opinion in *In re: Wisconsin Steel Co.*, 48 B.R. 753 (N.D.Ill. 1985), which severely reprimanded Judge McCormick's behavior in a completely different situation from the present case. We fully concur in Judge Grady's analysis, but reject as inappropriate the out-of-context application of *Wisconsin Steel* and any comparison of Judge McCormick's conduct in that case with the very different factual situation in the instant cause.