### In re BY–RITE OIL COMPANY, Debtor.

**Fred J. DERY, Trustee, Plaintiff,**

v.

**BEACON FINANCE CO., Nathan Philpott and Judith Philpott, Defendants.**

Bankruptcy No. 85–03997–R.

Adv. No. 88–0170–R.

United States Bankruptcy Court, E.D. Michigan, S.D.

Oct. 14, 1988.

Richardo Kilpatrick, Rochester Hills, Mich., for plaintiff.

Wallace Handler, Southfield, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

STEVEN W. RHODES, Bankruptcy Judge.

### I.

The defendants have filed a motion requesting the undersigned judge to recuse himself in this adversary proceeding, pursuant to 28 U.S.C. § 455(a). The defendants contend that certain prior rulings in

**1.** The reported decision was a supplemental opinion supplementing an opinion given from the bench on November 24, 1987. *See* 87 B.R. at 907, n. 1.

**2.** In their brief, the defendants quote from the transcript of the November 24, 1987 bench opin-

the By–Rite Oil bankruptcy case suggest that the judge's impartiality might reasonably be questioned in this adversary proceeding. The plaintiff opposes the motion.

The circumstances giving rise to the plaintiff's complaint, as well as the prior rulings giving rise to defendants' motion to disqualify, are set forth in *In re By–Rite Oil Co.,* 87 B.R. 905 (Bankr.E.D.Mich. 1988).[1] In that opinion, the Court refused to award attorney fees to the debtor's several attorneys for services rendered in connection with a proposed sale of the debtor's property. The debtor had proposed to sell its property to Beacon Finance Co., which is owned by the debtor's principals. With its initial bid, Beacon had posted a $25,000 deposit. When the Court confirmed the sale, it required a deposit of $200,000, to secure the estate against any possible losses if Beacon was unable or unwilling to close on the sale. Beacon never posted the required deposit and the sale was never consummated. The debtor subsequently refunded the $25,000 deposit to Beacon. In this adversary proceeding, the trustee seeks to recover the Court ordered $200,-000 deposit.

After a detailed review of the circumstances of that proposed sale, the Court concluded that the debtor had pursued the sale in bad faith. *Id.* at 909–12, 915. The Court further concluded that the legal services rendered in pursuit of the sale were not for the benefit of the estate, and therefore were not compensable as an administrative expense. *Id.* at 915. The two specific findings which form the basis of the present motion are as follows:[2]

### (1)

Immediately after the Court sustained the objection of Beacon Finance's proposal to purchase the unsecured claims, Nathan Philpott decided not to post the bond required as a condition of confirm-

ion. *See* n. 1 above. The Court quotes here from the published supplemental opinion, only because it is more accessible. The language of the bench opinion and of the supplemental opinion are virtually identical.

ing the sale, and decided not to close on the sale. He and the debtor have asserted that this occurred because he was unable to post the bond. However, Taunt testified that in separate conversations that he had with William Cohen and Stephen Gutman, both stated that Nathan Philpott decided not to proceed with the sale because the Court sustained the objection to the Beacon Finance purchase of the unsecured claims.

Thus it is clear that Nathan Philpott concluded that without the good will of the creditors, which he expected to purchase for Beacon Finance by paying their claims, the assets of By–Rite were not worth the price he had bid. It is also clear that Beacon Finance's earlier withdrawal of the contingency for the purchase of the unsecured claims was illusory. Moreover, given the scope of the resources that the Philpotts and Beacon Finance were supposedly committing to this sale, the deposit requirement certainly should have posed no substantial barrier, if the intentions were honest. It must be concluded that Nathan Philpott's refusal to close on this sale only confirmed the Court's suggestion on December 17, 1986, that Nathan Philpott was not acting in good faith in proposing to purchase the claims or in his proposal to purchase the assets of By–Rite. *Id.* at 912.

### (2)

There are two substantial difficulties with this letter, one procedural and the other substantive. On the substantive level, there has never been any suggestion, contrary to this letter, that Beacon Finance refused to close on this sale because By–Rite could not fulfill any requirements regarding clear title. As far as this Court is aware, Beacon Finance has never made such an assertion. *Id.* at 913.[3]

Although the defendants express specific concern about these two findings in their

motion, the fact is that the earlier opinion contains several important findings that might bear upon the plaintiff's present claim. Indeed, it reflects a substantial familiarity with the circumstances giving rise to the plaintiff's claim. It is on that basis that the Court will decide the present motion.

### II.

### A.

28 U.S.C. § 455(a) provides:

Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

■ In numerous decisions, the United States Court of Appeals for the Sixth Circuit has noted that the standard set forth in this statute is an objective standard, requiring disqualification only if a reasonable person with knowledge of all of the facts would conclude that the judge's impartiality might reasonably be questioned. *Easley v. University of Michigan Board of Regents,* 853 F.2d 1351, 1356 (6th Cir.1988); *Barksdale v. Emerick,* 853 F.2d 1359, 1360–61 (6th Cir.1988); *In re City of Detroit,* 828 F.2d 1160, 1167 (6th Cir.1987); *In re M. Ibrahim Khan, P.S.C.,* 751 F.2d 162, 164 (6th Cir.1984); *United States v. Nelson,* 718 F.2d 315, 321 (9th Cir.1983); *United States v. Story,* 716 F.2d 1088, 1090 (6th Cir.1983); *United States v. Norton,* 700 F.2d 1072, 1076 (6th Cir.), *cert. denied,* 461 U.S. 910 103 S.Ct. 1885, 76 L.Ed.2d 814 (1983); *Roberts v. Bailar,* 625 F.2d 125, 129 (6th Cir.1980); *Bradley v. Milliken,* 620 F.2d 1143, 1156–57, n. 5 (6th Cir.), *cert. denied,* 449 U.S. 870, 101 S.Ct. 207, 66 L.Ed.2d 89 (1980).

*See also In re Beard,* 811 F.2d 818, 827 (4th Cir.1987); *United States v. Poludniak,* 657 F.2d 948, 954 (8th Cir.1981); and *Baker v. City of Detroit,* 458 F.Supp. 374, 376 (E.D.Mich.1978) (Circuit Judge Keith).

The objective standard applies equally to a disqualification issue arising in the Bank-

---

**3.** This finding relates to a letter sent by By–Rite's .attorney to Beacon's attorney authorizing the refund of the escrowed deposit because By–Rite could not transfer the assets with clean title.

ruptcy Court. *In re Beard,* 811 F.2d 818, 827 (4th Cir.1987); *In re M. Ibrahim Khan, P.S.C.,* 751 F.2d 162, 164 (6th Cir. 1984); *In re X–Cel, Inc.,* 61 B.R. 691, 694 (N.D.Ill.1986); *In re Washington Lane Associates,* 42 B.R. 617, 619 (Bankr.E.D.Pa. 1984); *In re Pearlman,* 20 B.R. 274, 276 (Bankr.W.D.Ky.1982). *See also* Bankruptcy Rule 5004(a).

If this objective standard is met, a judge must grant a motion to disqualify even if the judge is in fact impartial. On the other hand, if the objective standard is not met, a judge must deny the motion even if the movant sincerely believes that the judge is biased. *Barksdale v. Emerick,* 853 F.2d at 1360 (6th Cir.1988); *In re City of Detroit,* 828 F.2d 1160, 1167 (6th Cir.1987); *In re Beard,* 811 F.2d 818, 827 (4th Cir.1987); *United States v. Poludniak,* 657 F.2d 948, 954 (8th Cir.1981); *Roberts v. Bailar,* 625 F.2d 125, 129 (6th Cir.1980).

Nothing in this proposed legislation should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. H.R.Rep. No. 1453, 93d Cong.2d Sess. 4–5, *reprinted in* 1974 U.S.Code Cong. & Admin.News 6351, 6354–55, *quoted in Barksdale v. Emerick,* 853 F.2d at 1361 (6th Cir.1988).

██ Moreover, the bias sufficient to justify recusal must be a personal or extrajudicial bias. *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *Easley v. University of Michigan Board of Regents,* 853 F.2d at 1353–54 (6th Cir.1988); *In re City of Detroit,* 828 F.2d 1160, 1168 (6th Cir.1987); *In re Beard,* 811 F.2d 818, 827 (4th Cir.1987); *In re M. Ibrahim Khan, P.S.C.,* 751 F.2d 162, 164 (6th Cir.1984); *United States v. Story,* 716 F.2d 1088, 1090 (6th Cir.1983); *Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir.), *cert. denied,* 449 U.S. 870, 101 S.Ct. 207, 66 L.Ed.2d 89 (1980); *Oliver v. Michigan State Board of Education,* 508 F.2d 178, 180 (6th Cir. 1974), *cert. denied,* 421 U.S. 963, 95 S.Ct. 1950, 44 L.Ed.2d 449 (1975); *Knapp v. Kin-*

*sey,* 232 F.2d 458, 466 (6th Cir.1956); *In re Walton (Walton v. Federal Land Bank),* 80 B.R. 870, 872 (Bankr.N.D.Ohio 1987); *In re B & L Laboratories, Inc. (McLemore v. Olsen),* 62 B.R. 494, 496 n. 1 (Bankr.M.D. Tenn.1986).

In the absence of demonstrated bias, a judge's actions, stated impressions, comments, findings or rulings in judicial proceedings are not grounds for disqualification. *Meeropol v. Nizer,* 429 U.S. 1337, 1338 n. 2, 97 S.Ct. 687, 689 n. 2, 50 L.Ed.2d 729 (1977) (Marshall, Circuit Justice); *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *United States v. Berger,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *Demjanjuk v. Petrovsky,* 776 F.2d 571, 577 (6th Cir.1985), *cert. denied,* 421 U.S. 1016, 106 S.Ct. 1198, 89 L.Ed.2d 312 (1986); *In re M. Ibrahim Khan, P.S.C.,* 751 F.2d 162, 164 (6th Cir.1984); *United States v. Nelson,* 718 F.2d 315, 321 (9th Cir.1983); *Ouachita National Bank v. Tosco Corp.,* 686 F.2d 1291, 1300 (8th Cir.1982), *adopted in part,* 716 F.2d 485, 488 (8th Cir.1983); *United States v. Coven,* 662 F.2d 162, 168–69 (2d Cir.1981), *cert. denied,* 456 U.S. 916, 102 S.Ct. 1771, 72 L.Ed.2d 176 (1982); *Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980); *In re Corrugated Container Antitrust Litigation (Steering Committee v. Mead Corp.),* 614 F.2d 958, 964 (5th Cir.), *cert. denied,* 449 U.S. 888, 101 S.Ct. 244, 66 L.Ed.2d 114 (1980);[4] *Knapp v. Kinsey,* 232 F.2d 458, 466 (6th Cir.1956); *In re B & L Laboratories, Inc. (McLemore v. Olsen),* 62 B.R. 494, 496 n. 1 (Bankr.M.D.Tenn. 1986); *In re Pearlman,* 20 B.R. 274, 276 (Bankr.W.D.Ky.1982).

### B.

A review of some of these cases will reflect the depth of this principle.

In *United States v. Grinnell Corp.,* the Supreme Court held that the District Judge was not disqualified as a result of his pretrial comments upon the depositions and the briefs. 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966).

---

**4.** Further authority for this principle is found at

614 F.2d at 964 n. 12.

In *Demjanjuk v. Petrovsky,* the Sixth Circuit held that the District Judge was not disqualified from presiding over the appellant's extradition hearing, after the same judge had made extensive findings in the appellant's previous denaturalization proceedings. 776 F.2d 571, 577 (6th Cir.1985), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1198, 89 L.Ed.2d 312 (1986).

In *United States v. Nelson,* the Sixth Circuit held that the District Judge was not disqualified from presiding over a second trial even though after the first trial, the judge had expressed his opinion that the defendant was guilty. 718 F.2d 315, 321 (9th Cir.1983).

In *In re Corrugated Container Antitrust Litigation,* the District Judge had made findings of fact in connection with a previous criminal antitrust conspiracy prosecution. 614 F.2d 958, 964 (5th Cir.), *cert. denied,* 449 U.S. 888, 101 S.Ct. 244, 66 L.Ed.2d 114 (1980). The Fifth Circuit held that the judge was not thereby disqualified from presiding over later civil litigation involving the same factual issues. *Id.* at 966.

In *United States v. Coven,* the District Judge had previously presided over an attachment proceeding in which a receiver had been appointed. 662 F.2d 162, 167 (2d Cir.1981), *cert. denied,* 456 U.S. 916, 102 S.Ct. 1771, 72 L.Ed.2d 176 (1982). The Second Circuit held that the judge was not disqualified from a later criminal fraud case resulting from the activities of the principals during the receivership. *Id.* at 169.

In *Ouchita National Bank v. Tosco Corp.,* the District Judge entered a memorandum opinion granting a new trial unless the plaintiffs accepted a remittitur. 686 F.2d 1291, 1299–1300 (8th Cir.1982). That opinion contained substantial findings on the factual issues in the case. *Id.* The Eighth Circuit held that the judge was not thereby disqualified from presiding over the new trial. *Id.* at 1301.

C.

■ The defendants cite no authority requiring the disqualification of a judge who has made prior findings on closely related or even identical factual issues. Rather, it appears that every court that has examined the issue has held that disqualification is not warranted in such circumstances.[5]

Likewise, the defendants have not identified any circumstances unique to this case that justify a departure from that long standing principle. In this regard, the Court notes that the defendants do not allege any actual bias or prejudice. The defendants state, rather diplomatically, that their sole interest is in having a judge who is in a position to take a fresh look at the factual issues raised. Although the Court can understand why the defendants have such an interest, it is simply not sufficient to warrant disqualification under the authorities discussed above.

The motion to disqualify is denied.

■

**5.** In reaching this result, the Court has not relied on two cases cited by the plaintiff. *Centre for Independence of Judges v. Mabey,* 19 B.R. 635 (D.Utah 1982), addressed disqualification under 28 U.S.C. § 455(b), which is not at issue here. *In re Johnson–Allen,* 68 B.R. 812 (Bankr.E.D.Pa. 1987), addressed a motion to disqualify resulting from public opinions expressed by a bankruptcy judge before his appointment. *See Laird v. Tatum,* 409 U.S. 824, 93 S.Ct. 7, 34 L.Ed.2d 50 (1972).