CONTIE, Circuit Judge.
 

 M. Ibrahim Khan and M. Ibrahim Khan, P.S.C. (hereinafter, Khan), appeal an order
 
 *163
 
 of the district court affirming the bankruptcy court’s dismissal of Khan’s petitions filed pursuant to Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701-766. For the reasons set forth below, we remand to the district court with instructions to remand to the bankruptcy court for clarification of the grounds on which the court dismissed Khan’s Chapter 7 petitions.
 

 I.
 

 On September 26, 1978, Dolly Yusufji was rendered a quadriplegic in an accident while she was a passenger in a car driven by Khan. Yusufji and Khan entered into an agreement whereby, in return for an agreement not to sue, Khan agreed to pay Yusufji $3,500 per month for life with the initial payments to be paid from insurance proceeds. When the proceeds were consumed, Khan refused to continue the payments. A jury awarded Yusufji a judgment of $1,205,400 for breach of contract in Henderson County Circuit Court (Kentucky) against Khan and his wholly owned professional services corporation, M. Ibra-him Khan, P.S.C., which had guaranteed Khan’s payments under the contract. On October 29, 1982, Yusufji obtained execution on her judgment.
 

 On November 12, 1982, Khan filed petitions pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101-1174, in the bankruptcy court for the Western District of Kentucky. On November 10, 1983, the bankruptcy court dismissed Khan’s petitions for failure to proceed in good faith as required by 11 U.S.C. § 1129(a)(3). 34 B.R. 574. Khan did not appeal.
 

 On November 23, 1983, Khan filed petitions for relief pursuant to Chapter 7 of the Bankruptcy Code. On November 30, 1983, the bankruptcy court entered an order setting a hearing for Khan to show cause why the petitions should not be dismissed. A hearing was held on December 27, 1983 at which Khan’s father-in-law and office manager testified to the hardship caused to Khan by Yusufji’s execution against his property. On January 9, 1984, the bankruptcy court dismissed the Chapter 7 petitions pursuant to 11 U.S.C. § 707 on the ground that Khan had not acted in good faith. 35 B.R. 718. On appeal, the district court affirmed the bankruptcy court’s dismissal of the petitions. Khan appeals.
 

 II.
 

 Khan contends that the district court improperly applied the doctrine of collateral estoppel. The district court found that the bankruptcy court had determined in the Chapter 11 proceeding that Khan had fraudulently incurred his debt to Yusufji and that this fact, which Khan was precluded from relitigating, was sufficient to require dismissal of the Chapter 7 petitions. The district court did not find that the bankruptcy court’s dismissal of the Chapter 11 proceedings due to lack of good faith estopped Khan from relitigating the issue of good faith in the Chapter 7 proceedings.
 
 [1]
 

 Regardless of whether the district court properly applied the doctrine of collateral estoppel to Khan’s intent in incurring the debt to Yusufji, the bankruptcy court’s opinion suggests that the court, by reference to its Chapter 11 dismissal, may have considered other factors, such as
 
 *164
 
 Khan’s proposed plan in the Chapter 11 proceeding, in dismissing the Chapter 7 petitions. Since we are unable to discern from the bankruptcy court’s opinion the factors that the court relied on in dismissing Khan’s Chapter 7 petitions, we remand the case to the district court with instructions to remand to the bankruptcy court for clarification.
 
 [2]
 

 III.
 

 Khan also appeals the district court’s affirmance of the bankruptcy judge’s denial of Khan’s motion for disqualification. Khan’s motion alleged that the bankruptcy judge had a personal bias against Khan and that no reasonable appearance of impartiality existed. An affidavit of Khan’s counsel, William F. Polk, Jr., stated that the judge had suggested, in a telephonic conference with Polk and Yusufji’s counsel, that he might summarily dismiss Khan’s Chapter 7 petitions. The judge stated, according to the affidavit, that “You can see the handwriting on the wall.”
 

 Subsection (a) of 28 U.S.C. § 455 provides:
 

 Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
 

 Subsection (a) establishes an objective standard,
 
 United States v. Norton,
 
 700 F.2d 1072, 1076 (6th Cir.),
 
 cert. denied,
 
 461 U.S. 910, 103 S.Ct. 1885, 76 L.Ed.2d 814 (1983), so that a judge should disqualify himself only if there is a reasonable factual basis for doubting his impartiality.
 
 Roberts v. Bailar,
 
 625 F.2d 125, 129 (6th Cir.1980).
 
 See
 
 H.R.Rep. No. 1453, 93d Cong., 2d Sess.,
 
 reprinted in
 
 1974 U.S.Code Cong. & Ad. News 6351, 6355 (“Disqualification for lack of impartiality must have a
 
 reasonable
 
 basis”). In the context of the bankruptcy judge’s participation in the Chapter 11 proceeding, his comment to the attorneys provides no reasonable factual basis to support a belief of lack of impartiality.
 

 Khan also asserts that disqualification is required pursuant to section 455(b)(1) due to personal bias.
 
 [3]
 
 However, bias sufficient to justify recusal must be a personal one and not one arising from the judge’s view of the law.
 
 United States v. Story,
 
 716 F.2d 1088, 1090 (6th Cir.1983). “Impressions based on information gained in the proceedings are not grounds for disqualification in the absence of pervasive bias.”
 
 United States v. Porter,
 
 701 F.2d 1158, 1166 (6th Cir.),
 
 cert. denied,
 
 — U.S. -, 104 S.Ct. 524, 78 L.Ed.2d 708 (1983).
 
 See United States v. Grinnell Corp.,
 
 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966);
 
 United States v. Phillips,
 
 664 F.2d 971, 1002 (5th Cir.1981),
 
 cert. denied,
 
 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982);
 
 United States v. Holland,
 
 655 F.2d 44, 47 (5th Cir.1981);
 
 Phillips v. Joint Legislative Committee,
 
 637 F.2d 1014, 1019-20 (5th Cir.1981),
 
 cert. denied,
 
 456 U.S. 960, 971, 102 S.Ct. 2035, 2233, 72 L.Ed.2d 483, 845 (1982);
 
 Johnson v. Trueblood,
 
 629 F.2d 287, 291 (3d Cir.1980), ce
 
 rt. denied,
 
 450 U.S. 999, 101 S.Ct. 1704, 68 L.Ed.2d 200 (1981);
 
 In re Corrugated Container Antitrust Litigation,
 
 614 F.2d 958, 967 (5th Cir.),
 
 cert. denied,
 
 449 U.S. 888, 101 S.Ct. 244, 66 L.Ed.2d 114 (1980);
 
 Whitehurst v. Wright,
 
 592 F.2d 834, 838 (5th Cir.1979);
 
 United States v. Wayne County Department of Health,
 
 571 F.Supp. 90, 93 (E.D.Mich.1983).
 

 Khan cites as evidence of the judge’s personal bias the following comments from the opinion dismissing the Chapter 11 petitions.
 

 
 *165
 
 Since the accident Khan has fought off Yusufji’s legal demands with the classic seige strategy of starving the opponent into submission through sheer economic staying power alone. Absent abuse of process there is nothing wrong with this survival technique. But here there is abuse of process of a particularly reprehensible sort.
 

 ... He conscripted the legal system in furtherance of that intention [not to pay] and vulgarized it in the process. This case reveals bad faith in its ugliest form, the willful and malicious evasion of a high legal duty by turning the legal system against its own ends, executed with naked arrogance.
 

 These comments were neither personal nor collateral to the matters at issue in the Chapter 11 proceedings. The comments were made in the court’s consideration of Khan’s good faith. It is not inappropriate for a court to express outrage based solely on the facts before it when the court finds that a party has abused legal process in acting in bad faith. “A recusal motion is committed to the sound discretion of the district judge, and on appeal we ask only whether he has abused his discretion.”
 
 Phillips v. Joint Legislative Committee,
 
 637 F.2d at 1021. The bankruptcy judge’s denial of the motion for disqualification did not constitute an abuse of discretion.
 

 Therefore, this case is Remanded to the district court with instructions to remand to the bankruptcy court for further proceedings consistent with this opinion.
 

 [1]
 

 . Chapter 11 of the Bankruptcy Code expressly provides that the court shall confirm a plan only if the "plan has been proposed in good faith....” 11 U.S.C. § 1129(a)(3). Chapter 7 includes no express requirement of good faith, but provides that "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause....” 11 U.S.C. § 707. The Bankruptcy Amendments and Federal Judgeships Act of 1984 amended Section 707, applicable to cases filed 90 days after its enactment on July 10, 1984, to provide as follows:
 

 (b) After notice and a hearing, the court, on its own motion and not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.
 

 98 Stat. 355 (1984). This amendment is inapplicable to this case.
 

 [2]
 

 . Khan contends that while the debts a party proposes to repay may be relevant to the issue of good faith in Chapter 11 proceedings, proposed repayment may not be considered in Chapter 7 proceedings. Until we discern the basis of the bankruptcy court’s dismissal of the Chapter 7 petitions, we decline to review this issue.
 

 [3]
 

 . 28 U.S.C. § 455(b)(1) provides:
 

 (b) He shall also disqualify himself in the following circumstances:
 

 (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.