785 F.2d 308
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KAZIMIERZ FURMAN, Plaintiff-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.
 84-1430
 United States Court of Appeals, Sixth Circuit.
 1/13/86
 ORDER
 
 1
 BEFORE: LIVELY, Chief Judge; WELLFORD, Circuit Judge; and PORTER, Senior District Judge.*
 
 
 2
 Plaintiff appeals the district court's orders denying his motions for recusal of the district judge and for relief from judgment under Rule 60(b), Federal Rules of Civil Procedure. Defendant has moved for imposition of double costs and attorney's fees under Rule 38, Federal Rules of Appellate Procedure, and 28 U.S.C. Sec. 1912. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff filed this mandamus action under 28 U.S.C. Sec. 1361 to compel the Commissioner of Internal Revenue to file suit against plaintiff to collect an assessed tax deficiency. The district court granted the Commissioner's motion to dismiss the complaint on December 23, 1982. Plaintiff did not appeal. On June 27, 1983, plaintiff filed a motion for relief from judgment under Rule 60(b), Federal Rules of Civil Procedure, and a motion for the district judge to recuse herself. The district court denied both motions. We affirm.
 
 
 4
 In his brief, plaintiff challenges the December 23, 1982, order dismissing his complaint. However, the appeal from the order denying the Rule 60(b) motion raises only that order for review and does not permit review of the underlying final judgment. See Browder v. Director, Dept. of Corrections, 434 U.S. 257 (1978); Windsor v. United States Dept. of Justice, 740 F.2d 6 (6th Cir. 1984); Peake v. First Nar. Bank & Trust Co., 717 F.2d 1016 (6th Cir. 1983). A Rule 60(b) motion cannot serve as a substitute for appeal of the underlying judgment. Pierce v. UMWA Welfare & Retirement Fund, 770 F.2d 449 (6th Cir. 1985).
 
 
 5
 Plaintiff argues that his Rule 60(b) motion should have been granted because the judgment was based upon mistake, he was unfairly surprised by the court's refusal to allow his son to represent him at the hearing on the motion to dismiss, the commissioner engaged in misconduct, and the judgment was void. None of these claims has merit. The alleged mistake is that in one sentence of the complaint, the relief requested was that plaintiff be compelled to sue defendant for the tax deficiency. However, it was clear from the rest of the complaint that plaintiff was seeking the opposite relief, i.e., that the Commissioner be compelled to sue plaintiff to collect the alleged tax deficiency. The district court clearly construed the complaint as plaintiff intended and there was no 'mistake' in the judgment. Plaintiff alleges that the Commissioner's misconduct consisted of untimely filing and improperly serving his motion to dismiss. However, the motion was served within twenty days after service of the complaint and more than five days before the hearing on the motion as required under Fed.R.Civ.P. 6(d) and 12(a). Plaintiff alleges he was improperly served because he received two motions to dismiss, one from the United States Attorneys Office and one from the Department of Justice. Plaintiff also claims that the Commissioner's supplemental memorandum in support of his motion was untimely because it was filed twenty days after the original motion. However, the supplemental brief did not raise any new issues and plaintiff was able to respond before the Court entered judgment. These actions by defendant did not amount to misconduct and did not prevent plaintiff from fully and fairly presenting his case. See Square Construction Co. v. Washington Metropolitan Area Transit Authority, 657 F.2d 68, 71 (4th Cir. 1981); Wilson v. Thompson, 638 F.2d 801, 803 (5th Cir. 1981); United States v. An Undetermined Quantity of an Article of Drug Labeled as Benylin Cough Syrup, 583 F.2d 942 (7th Cir. 1978).
 
 
 6
 Plaintiff's claim of surprise arises from the district court's refusal to allow plaintiff's son to represent him at the hearing on the motion to dismiss. Plaintiff, who speaks Polish and a little English, intended that his son represent him at the hearing. The district court declined to conduct the hearing unless plaintiff represented himself. Plaintiff's surprise by this ruling does not entitle him to relief from judgment. Plaintiff suffered no prejudice and was able to fully present his case through documents filed with the court. The issues raised were legal, and plaintiff was clearly entitled to no relief on his complaint. See Martin v. Commissioner of Internal Revenue, 753 F.2d 1358 (6th Cir. 1985). Therefore, this claim is also without merit.
 
 
 7
 Plaintiff's argument that the judgment is void is based upon an attack on the underlying judgment and the claim that he is not a taxpayer. Plaintiff's disagreement with the December 23 judgment does not render it void, especially in light of the fact that the complaint was totally frivolous and the judgment was correct. See Martin v. Commissioner of Internal Revenue, supra. Plaintiff's claim that he is not a taxpayer subject of IRS jurisdiction is unsupported and frivolous. See Martin v. Commissioner, 756 F.2d 38 (6th Cir. 1985). Therefore, the district court did not abuse its discretion in denying plaintiff's Rule 60(b) motion.
 
 
 8
 The district court also correctly denied plaintiff's motion for recusal of the trial judge. Plaintiff claimed that the judge demonstrated bias by her intemperate behavior and refusal to allow his son to represent him at the hearing on the motion to dismiss. Plaintiff's affidavits supporting the motion under 28 U.S.C. Sec. 144 merely contain conclusions which are insufficient to support a motion for recusal. See City of Cleveland v. Krupansky, 619 F.2d 576 (6th Cir.), cert. denied, 449 U.S. 834 (1980). There is no showing of personal bias of the trial judge arising from an extra-judicial source as required under 28 U.S.C. Secs. 144 and 455. See Khan v. Yusufji, 751 F.2d 162 (6th Cir. 1984); United States v. Story, 716 F.2d 1088 (6th Cir. 1983). Therefore, the motion was properly denied.
 
 
 9
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3). It is further ORDERED that, because of the frivolous nature of this appeal, the Commissioner is awarded double costs and attorney's fees of $500.00 pursuant to Rule 38, Federal Rules of Appellate Procedure.
 
 
 
 *
 The Honorable David S. Porter, Senior District Judge for the Southern District of Ohio, sitting by designation