869 F.2d 1489
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Larry CHAPMAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-5630.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 James Larry Chapman moves for a transcript at government expense and in forma pauperis status on appeal from the district court's order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. Chapman pled guilty to three counts of interstate transportation of counterfeit money orders and was sentenced to twelve years in prison. Chapman claimed that (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel; (3) his conviction was obtained by the prosecution's failure to disclose evidence favorable to him; and (4) the prosecution gave false information to the Federal Bureau of Prisons regarding the total amount of property transferred. Chapman requested injunctive relief. After a hearing, the district court denied the motion as meritless.
 
 
 3
 On appeal, Chapman claims that his guilty plea was involuntary, and the district court judge was prejudiced against him at the hearing concerning his Sec. 2255 motion.
 
 
 4
 As an initial matter, Chapman has not raised his issues enumerated two, three, and four above; they are therefore considered abandoned and not reviewable on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 5
 Upon review, we conclude the district court properly denied Chapman's motion to vacate because he has failed to demonstrate that his criminal proceedings were "inconsistent with the rudimentary demands of fair procedure." See United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).
 
 
 6
 Chapman claimed that his guilty plea was invalid because he did not understand the consequences of his plea. However, his petition to enter a plea of guilty reflects that he was informed of and understood the direct consequences so that his plea represents a voluntary and intelligent choice among the alternatives. See North Carolina v. Alford, 400 U.S. 25, 31 (1970). The petition shows that petitioner received a copy of the indictment before being called upon to plead, discussed it with his lawyer, and understood every accusation made against him in the indictment. He understood the penalties, his right to a trial, the presumption of innocence, the right of confrontation, and the right to remain silent. Clearly, his plea was valid as the petition reflects that the proceedings were fair and that he knowingly pled guilty.
 
 
 7
 Finally, petitioner's claim that the district court judge was prejudiced against him and, thus, the hearing on his Sec. 2255 motion was unfair is without merit. In order to show that the hearing was unfair, petitioner must show that the alleged bias against him was personal rather than judicial. See generally Khan v. Yusufji, 751 F.2d 162 (6th Cir.1983); United States v. Story, 716 F.2d 1088 (6th Cir.1983). The bias alleged in this case was judicial, based on the information before the court.
 
 
 8
 Accordingly, Chapman's motions for transcript at government expense and for in forma pauperis status are denied and the district court's order denying the motion to vacate sentence is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.