895 F.2d 1412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter CALLIHAN; Goldie Callihan, doing business as Little
Sandy Packing Company, Plaintiffs-Appellants,
v.
EASTERN KENTUCKY PRODUCTION CREDIT ASSOCIATION, Defendant-Appellee.
 No. 89-5578.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1990.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Walter and Goldie Callihan are pro se debtors who appeal the district court's judgment that dismissed their bankruptcy appeal. The Callihans had originally appealed the following orders from the bankruptcy court to the district court: 1) an order, entered September 8, 1988, that lifted an automatic stay and allowed the appellee to enforce its mortgage against the Callihans' property; 2) a supplemental order, entered September 13, 1988, that listed additional findings of fact and directed the Callihans, inter alia, to freeze their remaining assets; 3) an order that denied the Callihans' motion to recuse the bankruptcy judge; 4) an order that converted the Callahans' bankruptcy from a Chapter 11 to a Chapter 7 proceeding; and 5) an order that listed factual findings in support of the Chapter 7 conversion. On April 7, 1989, the district court entered its judgment which affirmed all of the orders of the bankruptcy court.
 
 
 3
 The district court found that the Callihans had not filed a timely notice of appeal from the bankruptcy court's orders which were entered on September 8 and September 13, 1988. The record shows that their notice of appeal from these orders was originally filed on December 5, 1988 and later amended on December 21, 1988. Thus, the appeal from these orders was not filed within the ten day limit that is prescribed by Bankruptcy Rule 8002(a) (Supp.1989). Compliance with this rule is a jurisdictional prerequisite in the district court and in this court as well. In re Abdallah, 778 F.2d 75, 77 (1st Cir.1985), cert. denied, 476 U.S. 1116 (1986). Therefore, the district court correctly dismissed the Callihans' untimely appeal from these orders. See id.; Greene v. United States (In re Souza), 795 F.2d 855, 857-58 (9th Cir.1986).
 
 
 4
 The Callihans moved for recusal of the bankruptcy judge, alleging that he was biased because Walter Callihan had filed an ethics complaint against him. The bankruptcy judge summarily denied this motion, and his decision was summarily affirmed by the district court. However, summary treatment was appropriate in this case under either of the pertinent recusal statutes. See 28 U.S.C. Sec. 144 (1968); 28 U.S.C. Sec. 455 (Supp.1989).
 
 
 5
 The motion was properly denied under 28 U.S.C. Sec. 144 because it did not meet any of the procedural requirements of that statute. It was not supported by an affidavit. Cf. Roberts v. Bailar, 625 F.2d 125, 128 (6th Cir.1980). In addition, it was not filed within the time prescribed by the statute. Cf. Crowder v. Conlan, 740 F.2d 447, 453-54 (6th Cir.1984). Moreover, it was not accompanied by a good faith certificate of counsel. Cf. id.; Martin-Trigona v. Lavien (In re Martin-Trigona), 573 F.Supp. 1237, 1244 (D.Conn.1983), appeal dismissed, 770 F.2d 157 (2d Cir.1985), cert. denied, 475 U.S. 1058 (1986).
 
 
 6
 Denial of the motion was also proper under 28 U.S.C. Sec. 455, even though that statute does not contain specific procedural requirements. First, the Callihans' motion was not timely under either Sec. 144 or Sec. 455. See, e.g., In re City of Detroit, 828 F.2d 1160, 1167-68 (6th Cir.1987) (per curiam). "Timeliness is a factor that obviously merits consideration by a court that is trying to determine whether a judge is truly biased or a litigant is merely trying to avoid an impending adverse decision." Id. The Callihans' motion was not timely because it was entered on the same day that their case was converted to a Chapter 7 proceeding and also because it was entered more than three months after their petition in this case, more than two years after they initiated other proceedings before the same judge, and more than five years after the alleged incident that they claim biased the judge against them. See id.; Martin-Trigona, 573 F.Supp. at 1245.
 
 
 7
 Denial was also appropriate under Sec. 455 because the motion was legally insufficient. Recusal is not required simply because one of the parties has initiated litigation against the presiding judge. United States v. Studley, 783 F.2d 934, 939-40 (9th Cir.1986); Martin-Trigona, 573 F.Supp. at 1243. Moreover, Walter Callihan's allegations appear, on their face, to be either delusional or the product of extreme bad faith. Cf. 573 F.Supp. at 1243. Under these circumstances, it cannot be said that the bankruptcy court abused its discretion in denying the Callihans' motion to recuse. See Studley, 783 F.2d at 940; cf. Khan v. Yusufji (In re M. Ibrahim Khan, P.S.C.) 751 F.2d 162, 165 (6th Cir.1984).
 
 
 8
 The district court adopted the factual findings of the bankruptcy judge in affirming his decision to convert the Callihans' bankruptcy to a Chapter 7 proceeding. Those findings establish sufficient cause for the conversion because they indicate that the Callihans' dilatory prosecution of the case had created an unreasonable delay that was prejudicial to their creditors. See 11 U.S.C. Sec. 1112(b)(3) (1979 & Supp.1989). They also indicate that the Callihans were not farmers, so that there was no apparent exception that would limit the court's authority to order a conversion. See 11 U.S.C. Sec. 1112(c). These factual findings were not clearly erroneous. Accordingly, it was not an abuse of discretion to order a Chapter 7 conversion in this case. Cf. Koerner v. Colonial Bank (In re Koerner), 800 F.2d 1358, 1367-68 (5th Cir.1986).
 
 
 9
 The district court's judgment is hereby affirmed because two of the Callihans' appeals were not timely, because their motion to recuse was procedurally and substantively insufficient, and because the district court's factual findings support the conversion of their case to a Chapter 7 proceeding. Rule 9(b)(5), Rules of the Sixth Circuit.