978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elbert L. HATCHETT, Defendant-Appellant.
 No. 92-1065.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1992.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Elbert L. Hatchett, who was convicted on four counts of failure to pay income tax, appeals the district court's denial of his motion to reduce his sentence and to disqualify the trial judge from considering the motion to reduce his sentence.
 
 I.
 
 2
 Attorney Elbert L. Hatchett was indicted on October 28, 1988, for three felony counts and five misdemeanor counts for failing to pay his income taxes. On March 31, 1989, a jury acquitted Hatchett of all the felony counts, but found him guilty on four of the five misdemeanor charges of willful failure to pay income tax. Hatchett was sentenced to one year in jail and a $25,000 fine on each of three counts. On the fourth count, his sentence was suspended and he was placed on five years probation in addition to a $25,000 fine. The court ordered that all the sentences run consecutively for a total three year jail sentence.[1]
 
 
 3
 Hatchett filed a notice of appeal and sought to continue his bond pending appeal. The district court determined, however, that Hatchett's appeal did not raise a substantial question that would likely result in reversal of his conviction. This court overturned the district court's decision and ordered that Hatchett's bond be reinstated.
 
 
 4
 On November 11, 1990, this court affirmed Hatchett's conviction, and Hatchett's petition for rehearing en banc was denied. On June 17, 1991, the Supreme Court denied Hatchett's petition for writ of certiorari. While this writ was pending, Hatchett accepted a position as defense counsel in a criminal trial before a different judge in the United States District Court for the Eastern District of Michigan. (Case No. 90-CR-80166). This trial lasted from April 1991 to August 1991 and, pursuant to a stipulation of the parties, Hatchett was permitted to remain free on bond until the trial was concluded. On August 8, 1991, Hatchett's client was convicted. Hatchett sought to extend the time he had to report to prison by sixty days in order to deal with post-trial matters. Both Hatchett and the United States Attorney stipulated to extend the report date to October 28, 1991. However, Hatchett's attorney never filed the stipulation with the district court and the order was never signed by the judge. Accordingly, the district court ordered Hatchett to report to prison by August 27, 1991. The defendant is currently incarcerated at the Federal Prison Camp in Goldsboro, North Carolina.
 
 
 5
 On October 15, 1991, Hatchett filed a motion for reduction of sentence pursuant to Fed.R.Crim.P. 35(b) and a motion to disqualify the trial judge pursuant to 28 U.S.C. § 455(a) or, in the alternative, to refer the motion to disqualify to a different district court judge for decision. On December 17, 1991, the district court denied Hatchett's motions. He filed a timely notice of appeal on January 8, 1992.
 
 II.
 
 6
 Defendant first argues that this court, under its supervisory authority, should establish a procedural rule whereby all motions to disqualify a trial judge must be assigned to a judge other than the judge in question. For the following reasons we disagree with the defendant's proposal.
 
 
 7
 Although this court does have the supervisory power to promulgate procedural rules to manage litigation, it cannot adopt any rule which would violate either a statutory or constitutional provision. Thomas v. Arn, 474 U.S. 140, 148 (1985). In Thomas, the Supreme Court upheld a Sixth Circuit rule which provided that a failure to file objections to a report and recommendation of a United States Magistrate within ten days would constitute waiver of the right to appeal the district court's order. See United States v. Walters, 638 F.2d 947 (6th Cir.1981). The Court upheld the rule because it found that nothing in the Federal Magistrate Act, 28 U.S.C. § 636(b)(1)(C), or in its legislative history, demonstrated that Congress intended to forbid such a rule. Thomas, 474 U.S. at 152. Furthermore, the Court found that the Walters rule was not inconsistent with the purposes of the Act. Id.
 
 
 8
 In the case at hand, however, the rule proposed by the defendant is at odds with the statute governing disqualification. The statute, codified as amended at 28 U.S.C. § 455(a), states:
 
 
 9
 Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
 
 
 10
 Id. (emphasis added). The statute is addressed to the trial judge who is the subject of the motion to disqualify, and requires that the judge disqualify himself from the proceeding. The use of the imperative "shall disqualify himself" further demonstrates that the decision is placed squarely in the hands of the questioned judge himself. See Roberts v. Bailar, 625 F.2d 125, 128 (6th Cir.1980) (section 455 is self-executing, requiring a biased judge to disqualify himself even where no motion to disqualify has been filed by a party). The legislative history adds support to the position that the district judge, on his own, is to decide motions to disqualify, as Congress frequently noted that the judge "himself" was to decide the motions. H.R.Rep. No. 1453, 93d Cong., 2d Sess. 4-5, reprinted in 1974 U.S.C.C.A.N. 6351, 6354, 6355. Since the appellant's proposed rule seeks to allow the decision to be made by a judge other than the one in question, it appears to contravene section 455(a). We have no authority to establish such a rule.
 
 
 11
 At least one court, however, has held that a judge, at his option, may transfer a section 455 motion to another judge for decision. United States v. Heldt, 668 F.2d 1238, 1271 (D.C.Cir.1981), cert. denied, 456 U.S. 926 (1982); United States v. Haldeman, 559 F.2d 31 (D.C.Cir.1976) (Under section 455 the transfer to another judge for decision is "at most permissive."), cert. denied, 431 U.S. 933 (1977); see also Levitt v. University of Texas, 847 F.2d 221, 226 (5th Cir.) (If the judge determines that the claim is within § 455, then "a disinterested judge must decide what the facts are."), cert. denied, 488 U.S. 984 (1988).
 
 
 12
 Even if some courts allow the questioned judge to transfer the section 455 motion to another judge, the case law makes clear that he is not required to make such a transfer, and it is entirely proper for the challenged judge to pass on the matter himself. In re Corrugated Container Antitrust Litigation, 614 F.2d 958, 963 n. 9 (5th Cir.), cert. denied, 449 U.S. 888 (1980); United States v. Professional Air Traffic Controllers Org., 527 F.Supp. 1344, 1351-52 (N.D.Ill.1981). "While the statute undoubtedly permits referring the disposition of a [section 455 motion] ... to another judge," the adoption of a procedure requiring the judge to refer a motion to another judge "would be unwise." In re Corrugated Container, 614 F.2d at 963 n. 9 (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir.1978), cert. denied, 440 U.S. 907 (1979)). Therefore, even if the questioned judge is not required to rule on the section 455 motion, he certainly has the discretion to make such a decision himself. Any rule that requires the motion to disqualify to be reassigned to another judge would violate section 455 as interpreted by the courts.
 
 
 13
 In the alternative, Hatchett asks this court to establish a rule granting an automatic right to appeal an adverse decision on a motion to disqualify to the chief judge of the district. We do not believe it is necessary to add another layer of procedure to these cases as parties are adequately protected by appealing such adverse decisions directly to this court. We, therefore, reject Hatchett's second proposed rule.
 
 III.
 
 14
 The defendant next argues that the district court erred in denying his section 455 motion because he adequately demonstrated the existence of bias sufficient to warrant disqualification. We disagree. "A recusal motion is committed to the sound discretion of the district judge, and on appeal we ask only whether he has abused his discretion." In re M. Ibrahim Khan, 751 F.2d 162, 165 (6th Cir.1984).
 
 
 15
 Under 28 U.S.C. § 455(a) a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Subsection (a) establishes an objective standard "so that a judge should disqualify himself only if there is a reasonable factual basis for doubting his impartiality." In re M. Ibrahim Khan, 751 F.2d at 164; Roberts v. Bailar, 625 F.2d at 129. Prejudice or bias sufficient to justify recusal must be personal or extrajudicial. In re M. Ibrahim Khan, 751 F.2d at 164. "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." United States v. Nelson, 922 F.2d 311, 319-20 (6th Cir.1990), cert. denied, 111 S.Ct. 1635 (1991). Personal bias may arise from the judge's background or associations which "results in an opinion on the merits on some basis other than what the judge learned from participation in the case." Id. Personal bias finding its source in the judge's view of the law is not sufficient to warrant disqualification. United States v. Story, 716 F.2d 1088, 1090 (6th Cir.1983).
 
 
 16
 In the case at bar, Hatchett cites as evidence of the judge's personal bias the following occurrences: (1) the harsh three year jail sentence; (2) the cancellation of bond and the subsequent reversal of the cancellation; and, (3) the refusal to grant Hatchett's motion to extend the time to report to prison. However, these examples of alleged bias cannot be considered personal or extrajudicial, that is, coming from a source other than participation in the case. Because Hatchett's recusal motion focuses entirely on judicial matters arising from this action, we believe that the district court properly refused to grant the defendant's section 455 motion.
 
 
 17
 Defendant argues, however, that an extrajudicial source for the bias need not be demonstrated where the bias is pervasive. Indeed, this circuit seems to have adopted such an exception for pervasive bias. In re M. Ibrahim Khan, 751 F.2d at 164: United States v. Porter, 701 F.2d 1158, 1166 (6th Cir.) ("Impressions based on information gained in the proceedings are not grounds for disqualification in the absence of pervasive bias."), cert. denied, 464 U.S. 1007 (1983). The defendant, however, has failed to convince us that the district court's handling of this matter was tainted by pervasive bias. Therefore, the motion to disqualify was properly denied.
 
 IV.
 
 18
 Finally, the defendant argues that the district court abused its discretion by denying his Rule 35 motion for reduction of sentence.
 
 
 19
 Fed.R.Crim.P. 35 provides, in relevant part:
 
 
 20
 (a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence.
 
 
 21
 (b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion....
 
 
 22
 The defendant contends that his sentence should be reduced because the district court did not have complete information regarding his character, and that his sentence was excessive when compared with those sentenced to similar crimes. For the reasons that follow, we believe the sentence handed down by the district court was proper, and that the court did not abuse its discretion by refusing to reduce the sentence under Rule 35.
 
 
 23
 Motions made under Rule 35(b) are essentially pleas for leniency that presuppose a valid conviction. United States v. Colvin, 644 F.2d 703, 705 (8th Cir.1981); see also United States v. Distasio, 820 F.2d 20, 24 (1st Cir.1987) (Rule 35(b) "offers the sentencing court an opportunity to temper its original sentence when presented with considerations appealing to its compassion."). A Rule 35(b) motion is committed to the sound discretion of the district court, United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986), and "denial of the motion will only be reversed for illegality or for a gross abuse of discretion." Distasio, 820 F.2d at 24. Appellate review should merely ensure that the district court did not illegally or unjustly deny the motion to reduce sentence. Id.
 
 
 24
 In Brummett, this court held that a district court did not abuse its discretion by denying a Rule 35 motion where the judge relied on no misinformation in determining the sentence. Brummett, 786 F.2d at 723. In the present case, Hatchett argues that the district court failed to consider information based on his character and standing in the community and the fact that his sentence was harsh compared to others sentenced for the same crime.
 
 
 25
 The district court, in denying the Rule 35 motion, did consider, and then reject, evidence of the defendant's well-respected character in the community, reasoning that his status as a community leader, businessman and philanthropist "will not operate in this court to establish a double standard of justice--one for the well-to-do and one for the commoner." Thus the court did fashion its sentence in full awareness of the fact that the defendant enjoyed a favorable reputation in the community; the court consciously chose to disregard this information to avoid creating a two-tiered system of justice. In our view, the court was not required to use this information to mitigate the defendant's sentence. Accordingly we believe that the court did not abuse its discretion by denying the Rule 35 motion despite the existence of favorable testimonial evidence.
 
 
 26
 Moreover, the court was skeptical of the defendant's statistical table purporting to show that his sentence was disproportionate to other similarly situated defendants. We likewise question the value of this table because it does not show the number of offenses committed by these defendants, or the seriousness of the offense. In short, the statistical evidence does not provide enough specific information to enable the court to make a meaningful comparison between those individuals and the instant defendant. Furthermore, the table provided by Hatchett reveals that some of these "similarly situated" defendants received harsher sentences than Hatchett received.
 
 
 27
 Hatchett cites United States v. Cannistraro, 871 F.2d 1210 (3d Cir.1989), to support his argument. In Cannistraro, the district court erroneously read a table of statistics in a presentence report. The court read a column of numbers as actual time served rather than the length of sentence imposed. Id. at 1215. Hatchett does not allege a mistake of this sort. But cf. United States v. Del Toro, 405 F.Supp. 1163 (S.D.N.Y.1975) (Rule 35 motion granted where defendant named specific defendants who received lesser sentences for similar crimes.). The statistical table in the present case does not provide insight into how similar the crimes were or the factors relied upon by the district courts in computing those sentences.
 
 
 28
 Hatchett likewise cites United States v. Guglielmi, 929 F.2d 1001 (4th Cir.1991), wherein it was found that the sentencing court abused its discretion because the sentence was based on invalid, inappropriate and illogical criteria. The court of appeals found that the district court had not sufficiently balanced the nature of the offense against the defendant's record and his personal character, but instead had simply imposed the statutory maximum sentence. Id. at 1005. The sentencing court in the instant action specifically took into account the defendant's character and standing in the community but found that it did not mitigate his sentence. Moreover, Hatchett refused to admit responsibility and continued to maintain that the IRS prosecution was not conducted in good faith. Therefore, we believe that this was not a case of the defendant making an honest mistake, but, as the district court found, Hatchett making a "conscious, deliberate, knowing choice" to withhold his taxes. Joint Appendix at 352. Under the circumstances it was within the district court's discretion to determine that Hatchett's actions warranted a relatively severe sentence.
 
 
 29
 In sum, Hatchett has not shown that his sentence was based on misinformation or that it was exceedingly harsh compared to similar defendants. Instead, the sentence is well below the statutory maximum, and the district court did not mechanically impose a sentence without a meaningful consideration of all the relevant facts. Therefore, we conclude that neither the original sentence nor the denial of the Rule 35 motion constituted an abuse of discretion.
 
 V.
 
 30
 For the foregoing reasons, the district court's decision is hereby AFFIRMED.
 
 
 
 [1]
 Because Hatchett committed his offenses before the effective date of the Sentencing Guidelines, the district court imposed the sentence without regard to the Guidelines